QUINDARO TP. *et al.* v. SQUIER.

(*Circuit Court of Appeals, Eighth Circuit.* June 13, 1892.)

USE OF LANDS AS PUBLIC PARK—ADVERSE POSSESSION.

   Under Gen. St. Kan. c. 80, art. 3, par. 4093, the open and notorious use by a township of certain lands, specifically marked upon a recorded plat, for more than 15 years, as a public park, under claim of title, is sufficient to bar an action therefor, even though the township had no paper title, and erected no fences or buildings on the land. *Wood* v. *Railway Co.*, 11 Kan. 323, 348, applied.

In Error to the Circuit Court of the United States for the District of Kansas. Reversed.

Statement by CALDWELL, Circuit Judge:

The defendant in error, J. J. Squier, brought suit against Quindaro township, in Wyandotte county, Kan., and the trustee, clerk, and treasurer of said township, to recover the possession of a parcel of land particularly described in the complaint. The defendants filed a general denial and a plea of the statute of limitations.

The leading facts which give rise to the suit are as follows: On the 9th of February, 1858, the territorial legislature of Kansas incorporated the city of Quindaro, with extensive boundaries, which included the land in controversy. On the 25th day of January, 1859, another act was passed amending the first act of incorporation. On the 7th day of April, 1860, the owners of a large body of the land situated within the corporate limits of the city of Quindaro, as defined by the acts of the legislature, platted the same into lots, blocks, streets, avenues, alleys, and parks, and duly recorded such plat. Upon this plat the land in controversy was designated and described, and dedicated to public uses as a park. The filing of this plat had the effect to vest the fee in the lands "therein expressed, named, or intended for public uses, in the county, * * * in trust and for the uses therein expressed, named, or intended. * * *" Act approved February 11, 1859, c. 24. On March 6, 1862, the legislature passed an act repealing the act incorporating the city of Quindaro, and all acts amendatory or supplemental thereto. The third section of the repealing act provided "that it shall be the duty of the trustee of Quindaro township to take immediate possession of all books, papers, assets, and property of every kind belonging to the city of Quindaro, dispose of the same, and discharge the indebtedness of said city. In the performance of these duties he shall have and exercise all the powers of the officers provided for in the act of incorporation aforesaid." On March 5, 1872, a petition, based upon a statute of the state, (act approved March 2, 1868, c. 109,) was presented to the board of county commissioners, praying for the vacation of a portion of the platted lands lying within the boundaries of the former city of Quindaro. The park was within the exterior boundaries of the portion of the plat sought to be vacated, but it was not in terms named or referred to in the petition for vacation. Proceedings were had on this petition, and its prayer granted May 6, 1872. On the 13th of July following, on the motion of the trustee of Quindaro township, the board of county commissioners entered an order declaring that so much of the order of May 6, 1872, " as includes the public park is hereby set aside; and it is further ordered that said park be taken from the assessment roll of the county." The act under which the vacation proceedings were had provides that, when the town site is vacated, "the streets, alleys, and lanes shall revert to the owners of the lots platted upon them in due proportion, and the public grounds to the owners." The plaintiff, Squier, is grantee of the original owners of the platted lands, and has the same, and no greater, right to the park than they would have if they had made no conveyance of the same. The case was tried before a jury, who, under instructions from the court, rendered a verdict for

the plaintiff, upon which judgment was entered; and thereupon the defendants sued out this writ of error.

*L. W. Keplinger* and *Winfield Freeman,* (*James M. Mason, Buchan, Freeman & Porter,* and *Hutchings, Keplinger & Miller,* on the brief,) for plaintiffs in error.

*J. B. Scroggs* and *James S. Gibson,* for defendant in error.

Before BREWER, Circuit Justice, and CALDWELL and SANBORN, Circuit Judges.

CALDWELL, Circuit Judge. The plaintiff in error has assigned numerous errors, only one of which we deem it necessary to consider. To support the plea of the statute of limitations, the defendants offered to prove that from the date of the order of the board of county commissioners made on May 6, 1872, vacating a portion of the town site, down to the trial of the cause,—a period of 19 years,—the township of Quindaro, by and through its proper officers, had claimed this park as the property of the township; that during all this time the township, through its officers, denied that the park had been vacated as a public park, and that during the period named the township had had the actual, continuous, and adverse possession of the park, using, directing, and controlling its use as a public park; that the township "fenced it from time to time," and that its use by the township as a public park was exclusive, open, and notorious; that there were living on the vacated portion of the town site from 300 to 500 people; that the settlement or village bore the name of Quindaro, and had a post office, schools, and churches; that the land in controversy had continuously from the year 1872 down to the commencement of this suit been in the possession and under the direction and control of the township, by its officers, as a public park, and that it had been used and enjoyed as a public park by the inhabitants of said village, the township of Quindaro, and the surrounding country during all of that time, and that during this time it had not been listed for taxation. The court refused to permit the defendant to prove these facts. The statute of limitations of the state of Kansas provides that—

"Actions for the recovery of real property, or for the determination of any adverse right or interest therein, are only to be brought within the periods hereinafter prescribed after the cause of action shall have accrued, and at no time thereafter: * * * *Fourth.* An action for the recovery of real property, not hereinbefore provided for, within fifteen years." Chapter 80, art. 3, par. 4093, Gen. St. Kan. 1889.

Construing this statute, the supreme court of the state of Kansas has decided that "a mere trespasser, without color of right or title, who has been in the actual possession of real estate for fifteen years, claiming title thereto, becomes the owner of the property by virtue of the statute of limitations." * * * *Wood* v. *Railway Co.,* 11 Kan. 323, 348. The learning on the subject of color of title has, therefore, no application to this case. The defendants were not required to produce a paper title, or show color of title to support their plea. It was enough to show that for a period of 15 years or more preceding the commencement of the suit, the de-

fendants had been in the actual, continuous, and adverse possession of the land, claiming and using it as a public park. Such possession vested the title to the park in the township, and was an effectual bar to the plaintiff's action, whether the township did or did not acquire a right to the park under the act of the legislature repealing the act incorporating the city of Quindaro, about which we express no opinion. The ground upon which the court excluded this evidence is not disclosed by the record. In this court the counsel for the defendant in error seeks to support the ruling upon the ground that the claim of title to the land set up by the township, and its open and notorious use and occupation of the lands as a public park for the village and township of Quindaro, do not constitute such an adverse possession as would start the statute of limitation in favor of the township. This contention is not sound. It is well settled that to constitute adverse possession there need not be a fence, a building, or other improvement made on the land. It is sufficient for this purpose that visible and notorious acts of ownership are exercised over the premises in controversy, under claim of title, for the period required by the statute to bar the action. *Ewing* v. *Burnet*, 11 Pet. 41. The open and notorious use of this land as a public park, under claim of title, constituted a possession as effectual to bar the plaintiff's action as if it had been inclosed by a stone wall. The boundaries of the park were distinctly marked on the plat of the town which dedicated it to the public use as a park. The only possession of which it was susceptible was a possession consistent with its use as a park, and its open, public, and notorious use for that purpose was all the possession requisite to support the defendants' plea. The court erred in excluding the evidence offered; and for this error the judgment must be reversed, and the case remanded for a new trial.